# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:01 CR 573 |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| WILLIAM M. DAVID, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon Defendant, William M. David's *pro se* Motion for Expungement. (ECF #16). The government filed a Response in Opposition to the motion. (ECF #18). The Defendant did not file a reply. The matter is now ready for consideration.

In 2002, Mr. David pled guilty to the offense of Making False Statements to a Federal Agent in violation of 18 U.S.C. § 1001. (ECF #18, p. 1). The Court sentenced Mr. David to six months incarceration, three years of supervised release, and a $100 special assessment. (ECF #18, p. 1). Now, Mr. David asks the Court to expunge his record. (ECF #16). Mr. David cites his many years of community involvement in support of his motion and states that his conviction limits his career prospects. (ECF #16). In opposition, the government argues that this Court lacks jurisdiction to grant Mr. David's request. (ECF #18). The Court agrees with the government.

Federal courts are tribunals of limited subject matter jurisdiction. *United States v. Field*, 756 F.3d 911, 914 (6th Cir. 2014) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). In certain circumstances, Congress has granted federal courts jurisdiction to expunge criminal records. *See, e.g.*, 10 U.S.C. § 1565(e) (requiring expungement of DNA

records when a court overturns a military conviction); 18 U.S.C. § 3607(c) (permitting expungement of criminal records in certain cases involving drug possession); 42 U.S.C. § 14132(d) (permitting expungement of FBI DNA records in certain cases when a conviction is overturned). However, Congress has not authorized federal courts to expunge a valid criminal conviction.

Absent express statutory permission, federal courts may—in limited instances—assert ancillary jurisdiction to expunge criminal records. *Field*, 756 F.3d at 915. Yet, purely equitable considerations do not fall within those limited instances. *Id.* Notably, the Sixth Circuit has explicitly rejected "motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities" as grounds for ancillary jurisdiction. *Id.* (citing *United States v. Lucido*, 612 F.3d 871, 874 (6th Cir. 2010)).

Therefore, because Congress has not expressly authorized the federal courts to expunge a valid criminal conviction and Mr. David asserts purely equitable grounds in his motion, this Court lacks the jurisdiction to grant his motion to expunge. While the Court commends Mr. David for seventeen years of trouble free conduct and his involvement within his community and church, it is unable to consider his motion until Congress expressly permits the expungement of valid convictions.

Accordingly, Mr. David's motion for expungement is DENIED. IT IS SO ORDERED.

_____
DONALD C. NUGENT

United States District Judge

DATED: February 20, 2020